# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**BOB GLEN BURKE,**

    Plaintiff,

v.                                                           No. CV 99-962 BB

**ANN KASS,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 5). Based on its review of Plaintiff's Complaint (Doc. 1), this Court sua sponte dismisses the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As the underlying Complaint is dismissed, Plaintiff's Motion for Default Judgment is moot.

## I. FACTS AND PROCEDURAL HISTORY

On September 8, 1998, Bob Glen Burke, Plaintiff, filed a complaint, entitled "Complaint For Violation of Civil Rights Federal Statutes Title 28 and Title 42 Section 1983 & 1985 And Notice of Seditious Conspiracy Under Title 18, Section 2384," (hereinafter "Complaint") against Ann Kass, in her individual and official capacities. Ann Kass, Defendant, is a State Judge in the Second Judicial District of New Mexico. Plaintiff's alleged violations took place during divorce proceedings before Defendant over the past year. In his complaint Plaintiff alleges violation of civil rights, conspiracy to violate civil rights, and obstruction of justice under 42 U.S.C.

§§ 1983,1985,1986. Plaintiff further charges Defendant with Notice of Seditious Conspiracy in violation of 18 U.S.C. § 2384.

Although Plaintiff's complaint is primarily a series of conclusory allegations of constitutional violations, Plaintiff does provide a few details of the purported violations. Specifically, Plaintiff alleges Defendant (1) denied Plaintiff his right to represent himself pro se; (2) denied him equal protection and due process rights because he was a pro se litigant;[1] (3) denied him meaningful hearings because he was a pro se litigant; and (4) wrongfully issued an order attaching veterans disability benefits.

On September 30, 1999, Plaintiff filed a Motion for Default Judgment based on Defendant's lack of a responsive pleading within twenty days.

## II. DISCUSSION

The Court begins by noting that a pro se litigant's complaint should be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, "self representation does not exempt a party from compliance with relevant rules of procedure and substantive law." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd Cir. 1993) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). After careful consideration of the allegations set forth in Plaintiff's Complaint, this

---

[1] The Court notes the contradictory nature of the alleged violations. It seems unlikely Defendant both denied Plaintiff the opportunity to proceed pro se, and then subsequently denied him rights as a pro se litigant.

Court sua sponte dismisses the Complaint for lack of subject matter jurisdiction[2] and failure to state a claim upon which relief can be granted.[3]

### A. 42 U.S.C. § 1983 – Violation of Constitutional Rights

Plaintiff alleges Defendant, in her individual and official capacity, violated his constitutional rights and requests "declaratory judgment and punitive damages for the injury caused by defendant . . . and such other relief and judgment allowable . . ." (Doc. 1, at 5). Beyond the Court's difficulty with the Complaint's lack of facts to support Plaintiff's allegations, the Court finds that the § 1983 claim is without merit and dismisses it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

#### 1. Damages are Unavailable

The Court begins by rejecting Plaintiff's § 1983 claim for damages against Defendant because the Court has no jurisdiction to hear the claims for damages against Defendant in either her official capacity as a state court judge, or in her individual capacity. Defendant is immune from a claim for damages against her in her official capacity because the Eleventh Amendment bars federal courts from hearing suits against an unconsenting state or its offical. *See, e.g.*, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). As the Tenth Circuit pointed out, "when a suit is brought against state officials in their official capacities, the real party

---

[2]Fed. R. Civ. Proc. 12(b)(1). *See* In re Martinez, 721 F.2d 262, 264 (9th Cir. 1983) ("A federal court is duty-bound to determine its proper jurisdiction on its own motion"); *see also* Shamblin v. City of Colchester, 793 F.Supp. 831, 833 (C.D. Ill. 1992) ("A federal court must at the outset examine whether jurisdiction exists before proceeding to the merits, and may raise the issue sua sponte where the parties have not raised it themselves").

[3]Fed. R. Civ. Proc. 12(b)(6). *See* McKinney v. Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir.1991) ("a sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged") (internal quotation marks and citations omitted); *see also* Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).

in interest in the case is the state . . ." Branson School Dist. RE-82 v. Romer, 161 F.3d 619 (10th Cir. 1998) (citing to Kentucky v. Graham, 473 U.S. 159, 166-67 (1985)). Plaintiff's claim for damages against Defendant in her official capacity -- as a state court judge -- is a claim against the state. The Court finds, therefore, that the claim against Defendant in her official capacity is a claim against the state and is barred by the Eleventh Amendment.

Defendant is also immune from Plaintiff's claim against her in her individual capacity. Judges are generally absolutely immune from civil suits for money damages, including suits under § 1983. Mireles v. Waco, 502 U.S. 9 (1991); Hunt v. Bennet, 17 F.3d 163 (10th Cir. 1994). As the Supreme Court articulated in Mireles, there are only two sets of circumstances which overcome judicial immunity: "first, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity[4]. . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, at 11-12 (citations omitted); Simmons v. Conger 86 F.3d 1080, 1084-85 (10th Cir. 1996).

In this case, neither of the exceptions to the general rule of absolute judicial immunity applies. First, Defendant clearly acted within her judicial capacity when she dealt with Plaintiff. Plaintiff appeared before Defendant in a domestic relations dispute. While Plaintiff may not agree with the decisions that Defendant made with regard to a division of the assets, or the manner in which she made them, Defendant was acting within her judicial capacity. *See* Dorman v. Higgins, 821 F.2d 133, 139 (2nd Cir. 1987) (defense of absolute immunity is not defeated by allegations of conspiracy, bad faith or malice). Second, there is no question that Defendant had jurisdiction to

---

[4]In determining whether an act is judicial, a court should look to the "nature" and "function" of the act, not the "act itself." Stump v. Sparkman, 435, US. 349, 362 (1978).

hear Plaintiff's domestic relations case and Plaintiff makes no contention otherwise. For these reasons, absolute judicial immunity bars the suit for damages against Defendant in her individual capacity.

This Court concludes that it has no jurisdiction to hear the § 1983 claims for damages brought by Plaintiff, because Defendant is entitled to: (1) Eleventh Amendment immunity with regard to the claims for damages against Defendant in her official capacity; and (2) absolute judicial immunity with regards to the claims for damages against Defendant in her individual capacity.

### 2. Injunctive/Declaratory Relief is Unavailable

In addition to seeking damages under § 1983, Plaintiff also seeks injunctive and declaratory relief for the alleged violations. This Court finds that although these equitable remedies are not barred by the immunity doctrines discussed above, they are nonetheless unavailable to Plaintiff. Plaintiff's claim for injunctive or declaratory relief under § 1983 should be dismissed because it fails to state a claim upon which relief can be granted, and because it fails under the Rooker-Feldman[5] doctrine of abstention and the domestic relations exception.

Although Eleventh Amendment immunity bars a federal court from hearing a claim for damages against a state or state official, the Supreme Court has held that a federal court is not barred from hearing a case against a state official for prospective injunctive relief. Ex Parte Young, 209 U.S. 123, 158-159 (1908); ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1188 (10th Cir. 1998). Similarly, absolute judicial immunity does not bar this court from considering a claim

---

[5]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

for prospective injunctive or declaratory relief. Pulliam v. Allen, 466 U.S. 522 (1984); Hunt v. Bennet, 17 F.3d 1263, 1268 (10th Cir. 1994). While this Court is not barred by Eleventh Amendment immunity or absolute judicial immunity from hearing a claim for injunctive or declaratory relief against the Defendant, equitable relief is nonetheless not available in this case. The exception for injunctive and declaratory relief that the Supreme Court has carved out of the immunity doctrines is expressly limited in that it only applies to *prospective* relief – "the doctrine will not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs – only ongoing violations [of federal law] are covered." ANR Pipeline Co. v. Lafaver, 150 F.3d at 1189 (citing to Papasan v. Allain, 478 U.S. 265, 277-78 (1986)); *See also* Idaho v. Coeur d'Alene Tribe, 521 U.S. 261 (1997).

In this case, it is unclear what Plaintiff seeks a declaratory judgment about or what action he seeks to enjoin. Presumably, he is seeking an injunction or declaratory relief with respect to his § 1983 claims – that Defendant violated his civil rights and obstructed justice by: (a) denying him his right to represent himself pro se, (2) denying him equal protection and due process rights because he was a pro se litigant, and (3) denying him meaningful hearings because he was a pro se litigant. However, since the Court's equitable remedies are limited to prospective relief for ongoing violations of federal law, Plaintiff's Complaint fails to state a claim upon which relief can be granted. The difficulty for Plaintiff is the state court divorce proceedings in front of the Defendant are over (Defendant's judicial remedies are therefore appropriately by way of appeal of the decisions by Judge Kass, which have outraged the Plaintiff, to the appropriate New Mexico state court). Plaintiff does not maintain, nor is it the case, that the alleged violations are on-going. Since the alleged statutory violations have already occurred and there is no on-going proceeding

in which Defendant could be obstructing justice or violating Plaintiff's civil rights, there is no basis for this Court to issue declaratory relief or an injunction.[6] Simply, Plaintiff's Complaint for injunctive or declaratory relief for § 1983 violations fails to state a claim upon which relief can be granted.

Furthermore, even if the Court were to liberally construe Plaintiff's Complaint to allege an on-going violation of federal law from Defendant's only other specific allegation of a violation – Defendant's order attaching Plaintiff's veterans disability benefits[7] – Plaintiff's claim is barred by Rooker-Feldman and the domestic relations exception.

### i. *Rooker-Feldman*

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review or reverse a state court judgment – any such review must be addressed directly to the United States Supreme Court. Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991). As the Tenth Circuit detailed in Facio, the Supreme Court in Feldman both prohibited direct review of state judgments by lower courts and prohibited lower federal courts from issuing any declaratory relief that is "inextricably intertwined" with the state court judgment. Id. (quoting District of Columbia Court of Appeals v.Feldman, 460 U.S. at 483-84 n. 16). Here, Plaintiff's claim for injunctive or declaratory relief with regard to Defendant's allocation of assets in the divorce proceeding arguably seeks direct review by this Court of Defendant's decision. Even if Plaintiff's claim does not seek a direct review of Defendant's decision, Plaintiff's allegation of a federal law violation

---

[6]*See* Calderon v. Kansas Dept. of Social and Rehabilitation Services, 181 F.3d 1180, 1184 (10th Cir. 1999) (Allegations in complaint failed to provide "indication that prospective injunctive relief would ameliorate the alleged violations, which had already occurred.")

[7]There is no indication that Plaintiff is asserting *this* claim as a continued violation of federal law.

unquestionably seeks a review by this Court that is "inextricably intertwined" with Defendant's decision. Under the Rooker-Feldman doctrine this Court does not have jurisdiction to hear such a claim.

### ii. Domestic Relations Exception

In addition to the lack of jurisdiction under Rooker-Feldman, this Court also lacks jurisdiction to examine Plaintiff's challenge to Defendant's attachment of assets decision under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal district courts have no jurisdiction over domestic disputes involving divorce, custody or alimony issues. Ackenbrandt v. Richards, 504 U.S. 689, 702 (1992). *See also*, Vaughan v. Smithson, 883 F.2d 63, 64 (1989) (per curiam) ("It is now well established that federal courts do not have diversity jurisdiction to grant a divorce or annulment, determine support payments, or award custody of a child."). Although perhaps raising a question of federal law, Plaintiff's request for review of Defendant's attachment decision is essentially petitioning this Court to review a state court's determination of support payment in a divorce proceeding. This Court has no jurisdiction to conduct such a review of a domestic relations issue.

This Court concludes that Plaintiff's § 1983 claim for injunctive or declaratory relief fails to state a claim upon which relief can be granted and should be dismissed. Furthermore, even if the Court liberally construed Plaintiff's claim for injunctive or declaratory relief so that it would not be barred by 12(b)(6) of the Federal Rules of Civil Procedure, this Court would have no jurisdiction to hear the case because of Rooker-Feldman and the domestic relations exception.

### B. 42 U.S.C. § 1985 – Conspiracy to Violate Civil Rights/Obstruction of Justice

Plaintiff also seeks damages against Defendant under § 1985 which allows a plaintiff to recover damages when another has conspired to obstruct justice[8] or conspired to deprive a person of his rights.[9] Even if this Court looks beyond the complete lack of facts to support a conspiracy claim, it finds no substance in Plaintiff's claim. Although adding "conspiracy" to the alleged violations undeniably enables Plaintiff to invoke § 1985 in addition to § 1983, this addition does not alter the obstacles examined above.[10] Therefore, for the same reasons explained in the § 1983 discussion, this Court finds the § 1985 claim fails because of 11th Amendment immunity, absolute judicial immunity, failure to state a claim upon which relief can be granted, Rooker-Feldman, and the domestic relations exception.

### C. 18 U.S.C. § 2384 – Seditious Conspiracy

Plaintiff's final claim of the Complaint alleges Defendant is guilty of seditious conspiracy. 18 U.S.C. §2384 is a criminal statute which provides that a person found guilty of seditious conspiracy against the United States Government shall be fined and/or imprisoned. The Court finds absolutely no merit to Plaintiff's claim. Again, besides the utter absence of any facts to sustain Plaintiff's claim, Plaintiff's allegation is of *criminal* wrongdoing. The Seditious Conspiracy crime is a federal offense since it is an offense against the United States. See 18 U.S.C. § 2. As a federal offense "it seems self-evident that only the United States has standing

---

[8] 42 U.S.C. § 1985(2).

[9] 42 U.S.C. § 1985(3).

[10] *See* Campbell v. Gadsden County Dist. School Bd., 534 F.2d 650 (5th Cir. 1976) (Jurisdiction under § 1985 is no broader than jurisdiction under § 1983); *see also* Kostal v. Stoner, 292 F.2d 492 (10th Cir. 1961) (§ 1985 does not impair the traditional common law immunity of judges from personal liability and damages for their official acts in matters within their jurisdiction).

to pursue an affront to its criminal laws . . . It is also self-evident that only those authorized by law to represent the United States may do so." United States v. Navarro, 972 F. Supp. 1296, 1304 (E.D. Cal.1997) (citations omitted). Since Plaintiff has no authority to represent the United States, this Court has no jurisdiction to hear the claim and, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, it therefore fails.

### D. Motion for Default Judgment

Finally, the Court finds no need to address Plaintiff's Motion for Default Judgment. Since the Court has dismissed the complaint underlying Plaintiff's Motion for Default Judgment, the motion is now moot.[11]

### ORDER

For all the reasons stated above, this Court sua sponte dismisses Plaintiff's Complaint (Doc. 1). Since the underlying Complaint is dismissed, Plaintiff's Motion for Default Judgment (Doc. 5) is moot. IT IS HEREBY ORDERED that Plaintiff's "Complaint For Violation of Civil Rights Federal Statutes Title 28 and Title 42 Section 1983 & 1985 And Notice of Seditious Conspiracy Under Title 18, Section 2384," be, and hereby is, DISMISSED.

---

[11] Once a defendant has been served with a summons and complaint, he has 20 days to serve an answer. F.R.C.P. 12(a)(1)(A). If a defendant fails to answer, the plaintiff may file for a default judgment. F.R.C.P. 55. A motion for default judgment, however, is addressed to the court's discretion. *See* Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir.1995) (denial of a motion for default judgment reviewed for abuse of discretion). Therefore, even if a defendant is technically in default, "the party making the request is not entitled to default judgment as of right . . ." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure, 3d § 2685 (1999). Since the Court has dismissed the underlying complaint it is well within the Court's discretion to deny default judgment.

Dated at Albuquerque this 4th day of February, 2000.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
Bob Glen Burke, Pro Se
12216 Eastridge Drive, N.E.
Albuquerque, NM 87112

**For Defendant**
Judge Ann Kass
2nd Judicial District Court
P.O. Box 488
County Courthouse
Albuquerque, NM 87103